## LAND OBEROESTERREICH v. GUDE et al.

District Court. S. D. New. York.

May 31, 1937.

---

[1] No opinion for publication.

Wachtell, Manheim & Grouf, of New York City (Meyer Grouf, of New York City, of counsel), for plaintiff.

A. Spotswood Campbell, of New York City (Karl T. Frederick, of New York City, of counsel), for defendants.

HULBERT, District Judge.

The defendant applies for an order directing the plaintiff to produce upon the retrial of this case, which will appear on the civil jury calendar of this court on June 14, 1937, in accordance with a preference heretofore granted, certain documents described in a schedule attached to the moving papers and consisting of 59 items. 33 of said items are conceded to be in the possession of the plaintiff's counsel who state that the remaining 26 items, if existent, may be in Austria.

The plaintiff is a Sovereign state, being the Upper Province of the Republic of Austria. It commenced this action April 29, 1932, to recover damages in an amount in excess of $500,000 for the conversion of securities deposited by its then New York representative, Alma & Co., with a firm of New York stock brokers whose account was subsequently taken over by the defendants.

Upon a previous trial which took place in May, 1934, it was conceded at the close of the evidence that no questions of fact were in issue and the judge directed a verdict in favor of the plaintiff for the sum of $76,857.50 as well as for the return of three bonds which remained unsold. Upon appeal the Circuit Court of Appeals held, November 30, 1936, that there was no evidence of conversion and plaintiff was only entitled to payment of the cash surplus remaining on hand, in addition to the three bonds, and remanded the cause with instructions to permit plaintiff, within ten days, to file a stipulation reducing the judgment to $3,304.39 and the three bonds, otherwise granting a new trial. Land Oberoesterreich v. Gude et al. (C.C.A.) 86 F.(2d) 621, reviews the facts at such length that it is unnecessary to reiterate them here. Petition for writ of certiorari was denied February 15, 1937 (57 S.Ct. 493, 81 L.Ed. ——), but the order on mandate was not filed in this court until May 4, 1937, whereupon plaintiff then moved for the preference which was heard on May 10, 1937, and granted.

This application is in the nature of a substitute for a subpœna duces tecum which, of course, could not be served on the plaintiff since it is not within the jurisdiction.

Section 724, Revised Statutes (28 U.S. C.A. § 636), provides as follows:

"§ 636. *Production of books and writings.* In the trial of actions at law, the courts of the United States may, on motion and due notice thereof, require the parties to produce books or writings in their possession or power, which contain evidence pertinent to the issue, in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceeding in chancery. If a plaintiff fails to comply with such order, the court may, on motion, give the like judgment for the defendant as in cases of nonsuit; and if a defendant fails to comply with such order, the court may, on motion, give judgment against him by default."

While the imposition of a penalty for failure to comply appears to be permissive, the courts seem to have given the statute a strict construction and, therefore, the plaintiff's counsel are naturally apprehensive. They contend, moreover, that defendants are guilty of laches and have not established that the documentary evidence sought is material and that plaintiff may be embarrassed to some extent at least, be-

cause in a criminal prosecution of Hans Alma in a Vienna court, some of the documents sought were there used and now constitute a part of the records of said court and that it would require considerable time to obtain authenticated copies thereof and that any attempt on the part of the plaintiff would be impossible before the date set for trial.

Defendants' counsel admit their inability to indicate the materiality of any specific document (except the thirty-three items above referred to), the production of which is sought, but nineteen items consist of letters or copies thereof designated by date alleged to have passed between the plaintiff and Alma & Co.; item 24 is designated as an agreement and each of said twenty items is referred to in one or another of the thirty-three items in evidence upon the first trial which plaintiff asserts were made available to the defendants' counsel before that trial so that they had full opportunity then, and since, to take adequate means for their production, and apparently never considered it necessary to do so.

■ It would seem a reasonable presumption that these documents might contain information pertinent to the issues involved and certainly their materiality could not be determined until the trial because their production, under the statute, is for use upon and not to prepare for trial. Item No. 57 is a report or statement in writing purporting to have been made by one Dr. R. Ruthensteiner to the plaintiff or its Governor, with respect to securities in possession of Alma & Co., and was referred to in the testimony of one Furthmoser, a witness for plaintiff whose deposition was taken before the first trial. The remaining five items are as follows:

"54. All other letters or telegrams from Alma & Co. or Hans Alma to plaintiff's Governor or plaintiff between January 1, 1927 and February 29, 1932.

"55. Copies of all other letters or telegrams from plaintiff or its Governor to Hans Alma or Alma & Co. between January 1, 1927 and February 29, 1932.

"56. All written agreements between plaintiff or its Governor and Hans Alma or Alma & Co. relating to the custody or use of securities by Hans Alma or Alma & Co.

"58. All books, records, writings, or properly certified copies thereof, showing each 6½% and 7% bond of the plaintiff bought or acquired by or for the plaintiff between March 12, 1932 and November 30, 1932, together with the number of each such bond and the price paid by or for account of the plaintiff therefor.

"59. All other books and writings plaintiff has in its custody or power relating to the matters in issue in the pending action."

It is to be assumed that both parties had a firm conviction as to the sufficiency of the evidence upon the first trial when each moved for a directed verdict and, unless the plaintiff introduces additional testimony or documentary proof, it is difficult to perceive how a recovery in excess of the amount to which the Circuit Court of Appeals reduced the verdict can be had. Certainly under those circumstances it appears to be within the bounds of reason that the defendant should have the benefit of the production and use of any material evidence created by the plaintiff and its agent Alma & Co., if such documents would disprove its claimed right of recovery. On the other hand, the defendants' demand is too broad. If it were physically possible for the defendant to serve a subpœna duces tecum, the plaintiff would have the right to apply to the court to be relieved from the necessity of producing voluminous books and papers which could not serve any useful purpose and especially must the court give consideration to that circumstance when the documents sought are presumably to be brought here from Central Europe.

■ The motion will be denied as to items 1, 2, 3, 6, 8, 10, 14, 16, 17, 18, 20, 21, 22, 23, 25, 26, 27, 28, 29, 32, 33, 34, 36, 37, 42, 43, 45, 48, 49, 50, 51, 52, and 53, being the thirty-three exhibits produced and offered in evidence upon the previous trial and now conceded to be in possession of the plaintiff's attorneys, because they are subject to subpœna duces tecum.

■ The motion will be granted as to items 4, 5, 7, 9, 11, 12, 13, 15, 19, 24, 30, 31, 35, 38, 39, 40, 41, 44, 46, 47, and 57.

■ The motion will be denied as to items 54, 55, 56, 58, and 59 as too broad and indefinite.

It ought to be possible to give instructions by cable as to items allowed. The reasonable expense of compliance with the order, to be determined by the court, if counsel cannot agree, should be a taxable disbursement. Settle order on two days' notice unless agreed upon as to form.